**UNITED STATES of America,**
**Plaintiff,**

**v.**

**James Joseph DiPRIMA, Defendant.**

**Crim. A. No. 70–175.**

United States District Court,
D. Massachusetts.

June 29, 1971.

Herbert F. Travers, Jr., Edward J. Lee, Boston, Mass., for the United States.

James M. Geary, Chelmsford, Mass., for defendant.

## MEMORANDUM

JULIAN, District Judge.

Defendant, James Joseph DiPrima, has been indicted for robbery of a bank which had deposits insured by the Federal Deposit Insurance Corporation. Defendant has moved to suppress two items of evidence, a white paper note pad and a felt marking pen which defendant asserts were obtained by law enforcement authorities in an unconstitutional search and seizure.

The search and seizure in this case were conducted without a search warrant. The questions involved are whether the defendant's mother, Mrs. Constance Couillard, gave consent to a

search of the premises where the pen and pad were found, and if she did, whether she had proper authority to do so.

A hearing was held on the motion to suppress, and I find that the items were seized under the following circumstances.

Defendant, age 22, was living with his mother, his sister, and his three brothers in a five-room apartment at 262 Adams Street in Lowell. Defendant's mother, Mrs. Constance Couillard, was the lessee of the apartment, and she paid the rent. Defendant paid his mother ten dollars per week for room and board.

In late afternoon on April 7, 1970, FBI Special Agents Gerald T. Mahoney and William T. Boland, Jr., and Inspectors Gerald St. Peter and Thomas P. Farley of the Lowell Police Department arrived at Mrs. Couillard's apartment. Mrs. Couillard answered the door; defendant was inside the apartment, six to seven feet behind his mother, and he was facing the door. After they had identified themselves, the officers told Mrs. Couillard that they were investigating a bank robbery and that they were looking for stolen money and a black attache case.[1]

The FBI agents produced a government "consent-to-search" form, which explained that a person had a right to refuse to allow a search when the requesting authorities did not have a search warrant. Agent Mahoney also explained orally to Mrs. Couillard that she could refuse their request to search the apartment. Mrs. Couillard read and signed the consent-to-search form. She stated, "If you want to search my apartment, you can search anywhere you want." I find that Mrs. Couillard voluntarily consented to a search of her apartment.

The defendant was within comfortable hearing range of this conversation. Despite his claim that he was under the influence of heroin at the time, I find that

he was aware of what was taking place. He made no objection.

The note pad and marking pen were found by Inspector St. Peter in a small bedroom occupied by defendant. Both articles were in plain sight, the pad on defendant's bed and the pen on a dresser defendant shared with one of his brothers. St. Peter asked defendant if the articles were his; defendant said, "yes." Defendant also said he had no objection to the authorities' taking the articles.

The bedroom in which the articles were found was not utilized exclusively by defendant. Defendant shared the room with one of his younger brothers. In addition, the defendant's mother, who slept in the living room, stored her clothes in that room in a portable wooden closet.

I find that Mrs. Couillard had the proper authority to consent to a search of the bedroom in which the items were found. She was lessee of the apartment and had in fact possession and control of the apartment. Furthermore, she, as well as one of her younger sons, utilized the bedroom defendant occupied. Maxwell v. Stephens, 1968, 8 Cir., 348 F.2d 325, cert. denied, 382 U.S. 944, 86 S.Ct. 387, 15 L.Ed.2d 353, reh. denied, 382 U.S. 1000, 86 S.Ct. 532, 15 L.Ed.2d 490; United States ex rel. Combs v. LaVallee, 1969, 2 Cir., 417 F.2d 523, cert. denied, 397 U.S. 1002, 90 S.Ct. 1150, 25 L.Ed.2d 413. The pen and pad were in plain sight of the authorities when they entered the bedroom, see Shorey v. Warden, Maryland State Penitentiary, 1968, 4 Cir., 401 F.2d 474, so that this is not a case where a search was made in the room of any container belonging exclusively to defendant.

Defendant himself, though not specifically asked for consent to search, did not object, and in fact he told the officers they could take the pad and pen.

Defendant's motion to suppress is denied.

1. Several of these law enforcement officers had visited the apartment earlier that day in connection with the same investigation. No search was made on that occasion.