**UNITED STATES of America,
Appellee,**

v.

**James Joseph DiPRIMA, Defendant-
Appellant.**

**No. 72–1085.**

United States Court of Appeals,
First Circuit.

Heard Dec. 4, 1972.

Decided Jan. 26, 1973.

within ready earshot, and that he saw the bedroom being entered and made no objection. The evidence sought to be suppressed was in plain view within the room.

■ The evidence fully supported the court's findings. On either score defendant's appeal is without merit. To hold that defendant could understand and say nothing, and later attack the validity of his mother's consent to enter his room, would be exactly contrary to the rationale we expressed in *Leavitt*, ante.

■ Furthermore, even absent an indication of consent by defendant, the court was warranted in finding authority in the mother, as the householder, to give a general consent. *Cf.* United States v. Mix, 5 Cir., 1971, 446 F.2d 615; Maxwell v. Stephens, 8 Cir., 1965, 348 F.2d 325, cert. denied 382 U.S. 944, 86 S.Ct. 387, 15 L.Ed.2d 353. *See also* State v. Kinderman, 1965, 271 Minn. 405, 136 N.W.2d 577, cert. denied 384 U.S. 909, 86 S.Ct. 1349, 16 L.Ed.2d 361; Jones v. State, 1972, 13 Md.App. 309, 283 A.2d 184. While some courts, in considering this issue on facts akin to the present, draw a distinction based on whether or not the defendant's possession of the bedroom was exclusive, perhaps following the analogy of landlord and tenant, this defendant could be found not to come within these cases. The fact that he paid his mother $10 a week for board and lodging did not compel a finding, in the light of the other evidence, that he had exclusive possession of the bedroom.

■ Finally, we remark that "exclusive" possession is not an absolute term. A hotel clerk may have a key to a room, and so may the cleaning staff, but the clerk will not have apparent authority to consent to a search. Stoner v. California, 1964, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856. On the other hand, even if a minor child, living in the bosom of a family, may think of a room as "his," the overall dominance will be in his parents. We cannot pronounce a rule that will answer all cases, except to say that

Joseph C. Delcore, Everett, Mass., by appointment of the Court, for appellant.

Edward J. Lee, Asst. U. S. Atty., with whom James N. Gabriel, U. S. Atty., was on brief, for appellee.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judge.

ALDRICH, Senior Circuit Judge.

■ This is another of the flow of cases objecting to the fruits of a search and seizure where the police acted without a search warrant, but after a request for and a manifestation of consent. We pointed out as recently as Leavitt v. Howard, 1 Cir., 1972, 462 F.2d 992, 998, that to indicate consent, causing the police to forego the obtaining of a warrant, and then to object later, will offer a defendant an untoward advantage. Although the burden of proving consent is on the government, the claim that an apparent consent is not genuine must, for this reason, be carefully scrutinized.

In the case at bar defendant had a room in his mother's apartment for which he made a weekly payment. The court, 329 F.Supp. 329, found that his younger brother shared the room and that his mother had free access thereto because she used the closet. It further found that the mother, after a full explanation by the police of her right to object, fully consented to the search of the apartment, including the room in question, that defendant was present

to some extent the police must be allowed to rely upon the word of the householder and general appearances. In the case at bar they had both.

 Defendant complains because, when one of the jurors was found to have asked a government witness whether he knew some out-of-town relative of hers, the court refused to grant a mistrial. The court excused the juror, and having ascertained from the rest that they would not be influenced by the occurrence, instructed them to forget it. Defendant does not complain about the way this was done, but by the resulting denial of his motion. We think, however, the court acted entirely properly.

Equally invalid is defendant's complaint that he was charged in the indictment with the crime, but the evidence showed him to be an aider and abettor, only. Defendant concedes that no circuit supports his claim that this was a fatal variance. We see no reason to be the first to do so. *Cf.* United States v. Lester, 6 Cir., 1966, 363 F.2d 68, cert. denied 385 U.S. 1002, 87 S.Ct. 705, 17 L.Ed.2d 542; Nassif v. United States, 8 Cir., 1966, 370 F.2d 147.

Affirmed.