758 So.2d 1253 (2000)
STATE of Florida, Appellant,
v.
S.B., a child, Appellee.
No. 4D99-2458.
District Court of Appeal of Florida, Fourth District.
May 31, 2000.
Robert A. Butterworth, Attorney General, Tallahassee, and Jan E. Vair, Assistant Attorney General, Fort Lauderdale, for appellant.
Richard L. Jorandby, Public Defender, and Siobhan Helene Shea, Assistant Public Defender, West Palm Beach, for appellee.
KLEIN, J.
The father of appellee S.B., after being informed by the police that S.B. was selling drugs and weapons, consented to the police searching S.B.'s bedroom. Because S.B. objected to the search, the trial court granted S.B.'s motion to suppress. We hold that, by virtue of his parental authority, the father's consent overrides the juvenile's objection and reverse.
The events leading up to the search began when the police stopped S.B. and placed him under arrest after observing him sell cannabis. At the scene of the arrest, S.B.'s father drove up, and the police informed the father that they had information that S.B. was selling drugs *1254 and stolen weapons from his home. One of the officers then obtained the father's consent to search S.B.'s bedroom. S.B. objected.
S.B. moved to suppress the search on the ground that S.B.'s father, who did not live with S.B. and S.B.'s mother, could not consent to the search because he had no authority to be in the home. S.B.'s father, however, owned the home and had a key to it. When he and the officers arrived at the home, and the officers started to knock on the door, the father told them it was unnecessary and they went right in. After they entered, a woman, whom the father identified to the officers as his wife, came out of the kitchen. She did not object to the search. The father showed the police into S.B.'s bedroom, and the search produced two stolen handguns.
At the conclusion of the suppression hearing, during argument of counsel, the trial court indicated to the state that the problem with the search was that S.B. had objected. The court was not concerned with the fact that the parent consenting to the search did not actually live in the residence, but rather was satisfied that the father's ownership as well as the possession of the key, which were admitted by S.B., were sufficient to authorize him to consent to a search in the house.
The trial court was concerned that the state had cited no cases in which it was held that S.B.'s bedroom could be searched where S.B. objected. See Saavedra v. State, 622 So.2d 952 (Fla.1993)(one possessing common authority over premises can consent to search where party who is object of search does not consent); Silva v. State, 344 So.2d 559 (Fla.1977)(same). See also United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). Those cases, however, did not involve the issue of whether a parent could validly consent to a search where the object of the search was the room of a minor who was objecting. Although this appears to be a question of first impression in Florida, the majority of courts which have considered the issue have held that a parent can consent to a search of a juvenile's room even though the juvenile objects.
In Vandenberg v. Superior Court, 8 Cal. App.3d 1048, 1055, 87 Cal.Rptr. 876, 880 (1970), a father's consent to a search of his son's room was upheld under the following reasoning:
In his capacity as the owner of the legal interest in the property, a father can transfer to the police the limited right to enter and search the entire premises including that portion of the real property which has been designated by the parent for the use of his children.... [A] father has the responsibility and authority for the discipline, training and control of his children. In the exercise of his parental authority, a father has full access to the room set aside for his son for purposes of fulfilling his right and duty to control his son's social behavior and to obtain obedience.... Permitting an officer to search a bedroom in order to determine if his son is using or trafficking in narcotics appears to us to be a reasonable and necessary extension of a father's authority and control over his children's moral training, health, and personal hygiene.
In Vandenberg, the father and son shared the bedroom, but the court emphasized that the father-son relationship was the decisive element.
Most of the state and federal courts deciding the issue have upheld searches under these circumstances and are cited in 3 Wayne R. LaFave, Search and Seizure § 8.4(b) (3d ed.1996). One court observed that searches authorized by parents or guardians have been justified on one of the following theories:
1) the parent is the head of the household or owner of the property; 2) the parent is exercising his or her parental authority and control over the unemancipated minor child; and/or 3) the parent is a cotenant or common resident of jointly occupied property.
In re Tariq A-R-Y, 347 Md. 484, 493, 701 A.2d 691, 695 (1997). Another court recognized *1255 a superior right in the parents to keep their home free of criminal activity. State v. Kinderman, 271 Minn. 405, 136 N.W.2d 577 (1965). See also United States v. DiPrima, 472 F.2d 550, 551 (1st Cir. 1973)("[E]ven if a minor child, living in the bosom of a family, may think of a room as `his,' the overall dominance will be in his parents."); United States v. Rith, 164 F.3d 1323 (10th Cir.1999)(father could consent to search of objecting son's bedroom in father's home, even where the son was over eighteen).
Returning to the present case, we analyze it as containing two issues: (1) whether the non-resident father, by virtue of his ownership and authority to enter the home, could consent to a search of the home, and (2) whether the search of the minor son's bedroom over the son's objection was valid based on the father's consent. According to the transcript, the trial court concluded that the father, under these specific facts, generally had authority to consent to a search of the home. We agree. We disagree with the trial court that the objection by the son precluded a search of the son's bedroom and follow those cases from other jurisdictions upholding the search on the basis of the parental relationship. We therefore reverse the order granting the motion to suppress.
STEVENSON and GROSS, JJ., concur.