UNITED STATES of America,
Appellee,

v.

William Denton LAWLESS, Appellant.

No. 71–2097.

United States Court of Appeals,
Fourth Circuit.

Aug. 25, 1972.

R. R. Ryder, Richmond, Va., on brief, for appellant.

Brian P. Gettings, U. S. Atty., and Raymond A. Carpenter, Asst. U. S. Atty., on brief, for appellee.

Before BOREMAN, Senior Circuit Judge, and WINTER and RUSSELL, Circuit Judges.

PER CURIAM:

Convicted of failure to register possession of a firearm under the National Firearms Registry and Transfer Record Act,[1] the defendant has appealed, claiming error in the admission of the gun, which was the subject of the prosecution, and which it was asserted was seized as a result of an unlawful search.[2]

The search, in the course of which the gun was discovered, was actually initiated and primarily carried on by defendant's wife, apparently out of her concern for her own safety. She and her husband, the defendant, were living in a trailer home. On the night the gun was discovered, she and the defendant had had a violent argument, during which she claimed the defendant had assaulted her. She went before the magistrate and swore out a warrant charging the husband with assault. There was some discussion between the wife and the magistrate about the presence of a sawed-off shotgun owned by the defendant, and in the trailer but no search warrant was issued by the magistrate. When

1. Section 5861(d), 26 U.S.C.

2. The defendant has, also, challenged on appeal the validity of the statute under which he was convicted. Such claim was found without merit in United States v.

Freed (1971) 401 U.S. 601, 605, 91 S.Ct. 1112, 28 L.Ed.2d 356, reh. den. 403 U.S. 912, 91 S.Ct. 2201, 29 L.Ed.2d 690, and United States v. Adams (4th Cir. 1971) (decided December 27, 1971).

the officers went to the trailer home to arrest the defendant under the arrest warrant, she accompanied them. After the arrest was made, the wife began, at her own instance, a search of the trailer for the gun. An officer accompanied her but the wife was the prime actor in the search. She began her search by looking behind the refrigerator in the trailer where she said the gun was normally stored. Not finding the gun, the wife, feeling that perhaps the defendant had hidden the gun in the trunk of one of their cars, rushed outside to search the cars. The officer followed, though again the primary role was that of the wife. No gun was found in the cars. At that point, the officer looking at eye-level into the trailer observed the gun under a sofa in the trailer. The wife and officer retrieved the gun from under the sofa and the officer took it to police headquarters for subsequent use as evidence.

█ It is obvious that this search was initiated not simply with the consent, but actually on the initiative, of the wife. At no point did the officer take the lead in, or direct the search. In general, he did little more than accompany the wife as she conducted her own search. It was only by chance that, in the course of accompanying the wife in her search, the officer espied the gun. Under these circumstances, the search did not violate any constitutional principles. Coolidge v. New Hampshire (1971) 403 U.S. 443, 487–490, 91 S.Ct. 2022, 29 L.Ed.2d 564. In the cited case, the search, found valid by the Court, was with the consent of the wife and was carried out with her cooperation. The instant case is even stronger; as we have seen, the initiative for the search, which in *Coolidge* came from the officers, came in this case from the wife. It was the wife, not the officers, who prompted and actively pushed the search. See, Note, 79 Harvard Law Rev., 1513, at p. 1519.

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Company of

 It is argued by the defendant that the wife lacked the power to consent, since, at the time of the search, she intended to abandon the home and did later that night do so. At the time of the search, however, the wife was clearly entitled to be present in the home. Her personal possessions were still there. The defendant makes much of the fact that she had no key to the door and, in order for her and the officers to gain entry, they were forced to cut the screen. This circumstance is of no consequence. Even the defendant must concede that the wife, until this night, had joint rights on the trailer home. Her power, prior to that time to have consented to a search is not seriously disputed. The fact that at such time she had no key would not have voided her power of consent. Neither can it on the night of the search. The seizure was valid, especially in the light of the wife's initiative in inaugurating the search, and the admission of the gun was proper.

Affirmed.