**James A. McCRAVY, Petitioner-Appellee,**

v.

**Robert MOORE, Warden, Tennessee State Penitentiary, Respondent-Appellant.**

**No. 72–1863.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 7, 1973.

Decided April 3, 1973.

R. Jackson Rose, Asst. Atty. Gen., Nashville, Tenn., for respondent-appellant; David M. Pack, Atty. Gen., State of Tennessee, of counsel.

Eric D. Christiansen (court appointed), Burkhard & Christiansen, Greenville, Tenn., for petitioner-appellee.

Before MILLER, KENT and LIVELY, Circuit Judges.

KENT, Circuit Judge.

This is an appeal by the State of Tennessee from the District Court's order granting the petitioner-appellee's application for a writ of habeas corpus, filed under the provisions of 28 U.S.C. § 2254. Appellee was convicted in the State Courts of Tennessee of the forcible rape of his wife's 14-year old sister. The offense was alleged to have occurred while the appellee's wife was at work. Within a very short time appellee was apprehended by the police. The police went to his home where the offense was alleged to have occurred, and when his wife returned the police informed her of the arrest and asked permission to search the house for evidence. The record shows that the wife consented and immediately departed for the hospital to see her sister. The police entered the house and found in the bedroom towels, sheets and a bedspread, all of which were covered with blood. These articles were introduced at the trial, Appellee's conviction was appealed and affirmed when the Supreme Court of Tennessee refused to review the conviction.

The District Court granted the petition for writ of habeas corpus on the theory that the search of the Appellee's home was illegal under Tennessee law despite the consent to the search given by the wife. In affirming the dismissal of the State post-conviction petition the Tennessee Court of Appeals, East Section, had this to say:

"Specifically the petitioner complains that the rules of law relied on in the opinion of this Court (Eastern Section at Knoxville, 1969) holding that his wife 'had the right and did waive the right the defendant had to rely upon the Constitutional prohibitions against unreasonable searches and seizures' as set out in Lester v. State, 216 Tenn. 615, 393 S.W.2d 288, is not the same rule of law followed in other jurisdictions." McCravy v. State, No. 30 (Tenn.Crim.App. Jan. 4, 1971).

It appears obvious to this Court that the Tennessee Court of Appeals made a ruling upon the legality of the search under Tennessee law with which we find no fault.

Thus, the only issue presented here and the only issue with which the District Court should have been concerned was whether the search was made in violation of the Constitution, or Laws, or Treaties of the United States.[1] The rule has been clearly stated in Frias v. Wilson, 373 F.2d 61, 62 (9th Cir. 1967):

"* * * the issue in a federal court remains whether judged by fed-

---

1. § 2254. (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

eral standards a petitioner was accorded the minimum guarantees afforded by the United States Constitution."

In the instant case it appears that while the Appellee and his wife had had some difficulties because of his claimed excessive drinking and association with other women, nevertheless, it is clear that they had equal right to possession and occupancy of the home which was searched. The ability of such a joint occupant of premises to consent to a search has been before the United States Courts on numerous occasions. Most of the Courts, including this Court, in United States v. Alloway, 397 F.2d 105 (6th Cir. 1968), have held that a joint occupant may authorize a search. See also United States v. Hughes, 441 F.2d 12 (5th Cir. 1971), cert. denied 404 U.S. 849, 92 S.Ct. 156, 30 L.Ed.2d 88 (1971); United States v. Wilson, 447 F.2d 1 (9th Cir. 1971), cert. denied 404 U.S. 1053, 92 S.Ct. 723, 30 L.Ed.2d 742 (1972); White v. United States, 444 F.2d 724 (10th Cir. 1971); United States v. Cataldo, 433 F.2d 38 (2nd Cir. 1970), cert. denied 401 U.S. 977, 91 S.Ct. 1200, 28 L.Ed.2d 326 (1971); United States v. Bamberger, 456 F.2d 1119 (3rd Cir. 1972), cert. denied 406 U.S. 969, 92 S.Ct. 2424, 32 L.Ed.2d 668 (1972).

In Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969), the United States Supreme Court held that the seizure of incriminating clothing found in a duffle bag used by defendant and his cousin, the search of which was consented to by the cousin, was legal, saying at page 740, 89 S.Ct. at page 1425:

> "Since Rawls was a joint user of the bag, he clearly had authority to consent to its search."

Appellee's argument in regard to difficulties and animosity toward a husband affected by a search to which the wife had consented was considered and rejected in United States v. Lawless, 465 F.2d 422 (4th Cir. 1972), and in Stein v. United States, 166 F.2d 851 (9th Cir. 1948), cert. denied 334 U.S. 844, 68 S. Ct. 1512, 92 L.Ed. 1768 (1948).

We are forced to the conclusion that the Appellee's wife, having an equal right to access and occupancy of the premises, had the right to consent to the search. Thus the search did not violate any Constitutional right of the Appellee within the meaning of Title 28 U.S.C. § 2254, and the District Court was in error in granting a writ of habeas corpus.

The case will be reversed and remanded to the District Court for dismissal of the petition.