The People of the State of New York, Respondent, *v.* Daniel S. Mortimer, Appellant.

Fourth Department, December 12, 1974.

*Costello, Cooney & Fearon (Raymond R. D'Agostino* of counsel), for appellant.

*Jon K. Holcombe, District Attorney (Patrick Connelly* of counsel), for respondent.

Simons, J. Defendant has been convicted of possession of a dangerous drug after a plea of guilty. He contends that the court erred in denying suppression of evidence contained in a gym bag taken by the police from his rented room at his parents' home. The search and seizure were made without a warrant but with the consent of defendant's parents after defendant had expressly denied the police permission to search his room.

The question is what effect defendant's prior refusal had on the legality of the search, assuming that his parents had sufficient interest in the bedroom to consent to its search.

The general rule is that the voluntary consent of a joint occupant sharing common authority over the premises searched is valid as against an absent, nonconsenting defendant (see *United States* v. *Matlock,* 415 U. S. 164; *People* v. *Wood,* 31 N Y 2d 975; *People* v. *Carter,* 30 N Y 2d 279; *People* v. *Potter,* 35 A D 2d 1044; *United States* v. *Thompson,* 421 F. 2d 373). The search is valid because the consenting occupant's relationship to the property permits him to consent, not because his relationship to defendant permits him to waive defendant's rights (see *People* v. *D'Iorio,* 16 N Y 2d 551). Because the third person has a personal interest in the premises which is equal to or greater than that of the absent defendant, he may consent to the search and his consent is binding on defendant (*People* v. *Potter, supra; People* v. *Mosley,* 26 A D 2d 668). In determining the third person's authority, receipt of rent from defendant is only one factor for consideration in determining the parties' respective interests in the premises. In some instances the payment does not alter their mutual interest in the property (*People* v. *Wood, supra* [parents]; *United States* v. *Botsch,* 364 F. 2d 542 [landlord]). In others, the third person's permissible access to a tenant's room is so limited that he can have no personal right to authorize a search to the prejudice of an absent defendant (see *Stoner* v. *California,* 376 U. S. 483 [hotel clerk]; *People* v. *Mullgrav,* 23 A D 2d 855 [landlord]).

Similarly, if the parties share ownership or use of personal articles located on the premises, such as the gym bag in this case, then the consent of one party to a warrantless search of the article may bind the absent party (*Frazier* v. *Cupp,* 394 U. S. 731). And finally, if an absent defendant sharing possession or control of premises with another leaves his property there and it is found by the police during a consensual search, the search and seizure of the personal articles are valid (*People* v. *Wood,* 31 N Y 2d 975, *supra; United States* v. *Robinson,* 479 F. 2d 300 [shoe boxes found in a closet which was used by both parties]; *White* v. *United States,* 444 F. 2d 724 [consent of paramour extended to opening defendant's zipper bag found in the parties' motel room]; *Rees* v. *Peyton,* 341 F. 2d 859 [defendant left an accordion case in the attic of his parents' home without parents' knowledge and it was opened with their consent]; cf. *Holzhey* v. *United States,* 223 F. 2d 823; *People* v. *Gonzalez,* 50 Misc 2d 508).

In this case, defendant, age 21, had been arrested at his home at 1:00 A.M., taken to the police station and booked on charges of unlawful drug possession. The police officers asked him to consent to a search of his room and he refused to do so. The

police officers then returned to the Mortimer house at about 1:30 A.M., awakened defendant's parents and explained to them that their son had been arrested. They requested and received permission from the parents to search defendant's cellar bedroom. In the room were several shelves used by the parents to store tools and personal belongings and below these shelves the police found a gym bag. The parents identified the bag as belonging to defendant and it bore a name tag with defendant's name on it. The police unzipped the bag, removed several articles and found marijuanna at the bottom of the bag.

Upon these facts we assume that general principles would warrant a ruling that the search was valid were it not for defendant's earlier denial of the police officers' request. However, it is one thing to find a consent to search shared premises binding upon an absent,[1] nonconsenting defendant and it is quite another to hold the consent binding upon an absent defendant who has been requested by the police[2] to consent to a search of his property and who has refused that permission. In the former case the authority to consent to a search may be recognized because the mutual interest of the parties allows one of them a personal right to consent that is equal to defendant's right to deny a warrantless search of the premises, or, it may be recognized simply because a defendant sharing premises assumes the risk of such searches (see *United States* v. *Matlock,* 415 U. S. 164, 171, n. 7, *supra*). But if the Fourth Amendment means anything, it means that the police may not undertake a warrantless search of defendant's property after he has expressly denied his consent to such a search. Constitutional rights may not be defeated by the expedient of soliciting several persons successively until the sought-after consent is obtained.

In the final analysis the validity of a warrantless search turns upon the reasonableness of the police conduct. With knowledge that the bag belonged solely to the jailed defendant and know-

---

1. If defendant had been present and denied permission for a warrantless search, obviously the search would have been invalid. The case would be no better in such event even with the prior consent of an absent co-occupant (*Tompkins* v. *Superior Ct.,* 59 Cal. 2d 65). It has been held that if both parties are present at the time of a warrantless search of their common property, one party consenting to the search and the other objecting to it, the search may be valid (see *Vandenberg* v. *Superior Ct.,* 8 Cal. App. 3d 1048; contra *Lucero* v. *Donovan,* 354 F. 2d 16, 21).

2. Compare *People* v. *Nunn* (55 Ill. 2d 344, cert. den. 416 U. S. 904) in which a consensual search was held invalid because the absent defendant's mother permitted the police to search his room after he had expressly told her not to allow anyone to enter.

ing that he had refused permission for the search, the police had no alternative in the absence of exigent circumstances but to obtain a search warrant (*McDonald v. United States*, 335 U. S. 451, 454–455). Their conduct violated defendant's constitutional right to be free from unreasonable search and seizure.

The motion to suppress should have been granted. The judgment should be reversed and a new trial granted.

WITMER, J. P., MOULE and GOLDMAN, JJ., concur; MAHONEY, J., dissents and votes to affirm the judgment.

Judgment reversed on the law and facts, motion to suppress granted and a new trial granted.