320 So.2d 463 (1975)
Govan Henry LAWTON, Appellant,
v.
STATE of Florida, Appellee.
No. 75-113.
District Court of Appeal of Florida, Second District.
October 22, 1975.
Rehearing Denied November 10, 1975.
James A. Gardner, Public Defender, Sarasota, and Patrick R. Cunningham, *464 Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
Appellant entered pleas of nolo contendere to the charges of possession of marijuana and narcotics paraphernalia, reserving the right to appeal the denial of his motion to suppress pursuant to State v. Ashby, Fla. 1971, 245 So.2d 225.
About two weeks prior to the date of the occurrence which precipitated these charges, appellant and his wife separated. Mrs. Lawton moved from the apartment where she and appellant had been living. The lease to the apartment had been signed by Mrs. Lawton at a time before she married appellant. After the marriage appellant paid the rent. When Mrs. Lawton moved out, she took all of her clothes with her and gave up her key. On the date in question she went back to the apartment for the purpose of picking up her marriage license preparatory to filing suit for divorce. She obtained a passkey from the apartment manager and entered the apartment. She walked into the bedroom and saw appellant with another woman. She promptly went next door and called the police.
When the police arrived, Mrs. Lawton opened the apartment door and told the officers to go in. Mrs. Lawton never told the police what was in the apartment but simply continued to urge them to go in and see what was going on inside. At this point the appellant came to the door and stretched his arm across the doorway. He stated that he did not wish the officers to enter the apartment. After ascertaining that the parties were still married, the officers entered anyway. Once inside, one of the officers observed a woman walking out of the bedroom. Mrs. Lawton continued to insist that they should look in the bedroom but still did not tell them what they might find. After physically subduing the appellant when he tried to keep them from going into the bedroom, the officers went in and discovered the marijuana and paraphernalia which are the subject of the charges against him.
There is no suggestion that the officers had probable cause to make the search. Likewise, there were no indications that an emergency existed which would justify the intrusion. E.g., Webster v. State, Fla. App.4th, 1967, 201 So.2d 789. Therefore, the case turns on whether the search can be legally sustained on the consent of Mrs. Lawton.
The husband and wife relationship itself, without more, does not impute authority to one spouse to waive the other's constitutional right to demand a search warrant for the search of one's own premises. State v. Blakely, Fla.App.2d, 1970, 230 So.2d 698. On the other hand, the voluntary consent of a joint occupant sharing common authority over the premises searched is valid as against an absent defendant. United States v. Matlock, 1974, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242. Such a search is valid not because of the relationship between the parties but because of the consenting occupant's right of control over or access to the premises. McCravy v. Moore, 6th Cir.1973, 476 F.2d 281; Stein v. United States, 9th Cir.1948, 166 F.2d 851; Commonwealth v. Martin, 1970, 358 Mass. 282, 264 N.E.2d 366.
Assuming, without deciding, that Mrs. Lawton still had sufficient control over the premises as to authorize her to consent to a search, we believe that the search cannot stand because appellant was physically present on the premises and affirmatively objected to the search.
Under analogous circumstances, the court quashed a warrantless seach in Dorsey v. State, 1967, 2 Md. App. 40, 232 A.2d 900. There, the defendant lived at Rona Jordan's apartment "off and on" and said he contributed toward the rent, After telling *465 the officers that she paid the rent out of her welfare check, Mrs. Jordan gave police officers permission to search the apartment. During the course of the search the officers found stolen property. On these facts, the court concluded that appellant and Jordan were joint occupants of the premises. Nevertheless, the court declared the search to be illegal because the defendant was present and expressly objected to the search. See also Tompkins v. Superior Court, 1963, 59 Cal.2d 65, 27 Cal. Rptr. 889, 378 P.2d 113, in which the consent given by a joint occupant who was away from the premises did not authorize police officers to conduct a search over the objection of another joint occupant who was present at the time of the proposed search.
The court in People v. Mortimer, 1974, 46 A.D.2d 275, 361 N.Y.S.2d 955, went even further. There, a twenty-one year old defendant had been arrested and booked at the police station on charges of unlawful drug possession. The police officers asked him to consent to a search of his room, but he refused to do so. The officers then returned to his parents' home where he lived and requested permission from his parents to search the defendant's bedroom. The parents consented to the search, and the police discovered marijuana in the defendant's gym bag. In upholding the motion to suppress, the court stated:
"Upon these facts we assume that general principles would warrant a ruling that the search was valid were it not for defendant's earlier denial of the police officers' request. However, it is one thing to find a consent to search shared premises binding upon an absent, nonconsenting defendant and it is quite another to hold the consent binding upon an absent defendant who has been requested by the police to consent to a search of his property and who has refused that permission. In the former case the authority to consent to a search may be recognized because the mutual interest of the parties allows one of them a personal right to consent that is equal to defendant's right to deny a warrantless search of the premises, or, it may be recognized simply because a defendant sharing premises assumes the risk of such searches (see United States v. Matlock, supra, n. 7). But if the Fourth Amendment means anything, it means that the police may not undertake a warrantless search of defendant's property after he has expressly denied his consent to such a search. Constitutional rights may not be defeated by the expedient of soliciting several persons successively until the sought-after consent is obtained."
With the exception of Vandenberg v. Superior Court, 1970, 8 Cal. App.3d 1048, 87 Cal. Rptr. 876, no case has come to our attention in which a search predicated upon the consent of a joint occupant has been sustained when the defendant was physically present and affirmatively objecting to the search. Vandenberg upheld the search of a minor's room over his objection based upon consent given by his father. However, the court specifically grounded its holding upon the right of a father to exercise his parental authority over his son's behavior.
The rule we announce in the case sub judice accords with the long cherished principle that a man's home should not be subjected to unreasonable governmental intrusion. In addition, such a rule is more likely to promote peace and tranquility. When one of two joint occupants consents to a search while the other is actively objecting, the possibility of an untoward confrontation cannot be overlooked. Under these circumstances, absent an emergency or other recognized authority for a warrantless search, the consent of a single joint occupant is not enough.
Reversed.
SCHEB, J., and SCHWARTZ, ALAN R., Associate Judge, concur.