ON PETITION FOR REHEARING
PER CURIAM.
Appellant’s petition correctly calls to our attention that our decision does not refer to uncontradicted evidence that, after Mrs. Brandon gave police consent, appellant intervened to forbid them to search the closet where the incriminating guns were found. That salient point was not overlooked in our consideration of the case.
Appellant has also called our attention to the decision of the District Court of Appeal, Second District, in Lawton v. State, 320 So.2d 463 (Fla.App.2d, 1975), and to a seeming conflict between that decision and ours. If that case may not readily be distinguished on the ground that Mrs. Lawton had only a tenuous possessory relationship to the apartment she previously occupied with her estranged husband,[1] we must respectfully disagree with the Lawton decision. We believe Mrs. Brandon derived power to consent from her unquestioned occupancy of and corresponding right to control the premises. That appellant also had such a right did not give him veto power over Mrs. Brandon’s consent. We conceive, in short, that consent thus obtained has efficacy under the principle of United States v. Matlock, 415 U.S. 164, 170, 94 S.Ct. 988, 993, 39 L. E.2d 242, 249 (1974), not only “as against the absent, nonconsenting” cohabitant but also as against the present, nonconsenting cohabitant. The legality of a warrantless search conducted by consent of a cohabitant should not be made to turn on whether the police successfully guessed that the suspect would be absent when permission to search was requested.
Fourth Amendment considerations of reasonableness may prevent police from relying on the consent of an absent cohabitant over objection of the cohabitant present and in sole possession of the property [Tompkins v. Superior Court, 59 Cal. 2d 65, 27 Cal.Rptr. 889, 279 P.2d 113, (1963)] or from shopping among cohabitants for consent first sought from and refused by him whose effects police desire to search [People v. Mortimer, 46 A.D.2d 275, 361 N.Y.S.2d 955 (1974); Dorsey v. State, 2 Md.App. 40, 232 A.2d 900 (1967)], but those questions need not be decided on this record. The prayer of the petition for rehearing is
Denied.
BOYER, C. J., and MILLS and SMITH, JJ., concur.

. “Common authority [over the premises] is, of course, not to be implied from the mere property interest a third party has in the property. The authority which justifies the third-party consent does not rest upon the law of property, with its attendant historical and legal refinements . . . but rests rather on mutual use of the property by persons generally having joint access or control for most purposes . . . .” United States v. Matlock, infra, 415 U.S. at 171, 94 S.Ct. at 993, 39 L.Ed.2d at 250, n. 7.