465 So.2d 603 (1985)
Daniel SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-2147.
District Court of Appeal of Florida, Third District.
March 19, 1985.
Bennett H. Brummer, Public Defender, and Robert Kalter, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Julie S. Thornton and Jean Howard, Asst. Attys. Gen., for appellee.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
PER CURIAM.
Defendant Smith appeals a final judgment and sentence entered upon a jury verdict finding him guilty of first degree murder. We hold that the trial court erred in refusing to suppress evidence seized in a warrantless search of Smith's home. In addition, we find error in the court's refusal to suppress Smith's confession obtained when police informed him they had searched his home over his objection and had seized incriminating evidence. We reverse and remand for a new trial.
Following the shooting death of his niece's boyfriend, Smith was taken to the police station and questioned regarding his involvement in the incident. Smith denied shooting the victim and refused permission to conduct a warrantless search of his home. After Smith's refusal, and while he was still undergoing questioning at the police station, a detective spoke to the sister with whom Smith lived and obtained her consent to search the premises. During the course of the search, the police discovered a gun, rubber gloves, and a shirt in the attic of the house. Several days later, Smith was again taken to the police station for questioning. When confronted with the fact that the gun believed to have killed the victim had been found in the attic of his home, Smith confessed to the homicide. He was arrested and charged with first *604 degree murder. Smith filed a motion to suppress the evidence seized from the attic and to suppress the confession. The court denied his motion and the case proceeded to trial, culminating in a jury verdict of guilty. The trial court sentenced Smith to serve life in prison. This appeal ensued.
Smith asserts that the trial court erred in denying his motion to suppress the physical evidence and the confession obtained as a direct result of an unlawful search. Emphasizing that the search of the home in which he lived with his sister focused on his property, he maintains that his refusal of permission to search invalidated his sister's subsequent consent. Thus, he argues, the warrantless search was unreasonable, and the evidence and confession were unlawfully obtained. We agree.
Although joint occupants may consent to a search of their premises, United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); Silva v. State, 344 So.2d 559 (Fla. 1977), where consent is refused by the party against whom the search is directed, any subsequent consent by the other joint occupant is invalid. Silva. See Pugh v. State, 444 So.2d 1052 (Fla. 1st DCA 1984); Lawton v. State, 320 So.2d 463 (Fla. 2d DCA 1975).
The state argues that the cited cases do not apply because Smith was not physically present on the premises when he objected to the search. We reject that argument. Smith was absent because police had detained him at the police station for questioning. The Florida Supreme Court stated in Silva:
It is only reasonable that the person whose property is the object of a search should have controlling authority to refuse consent. His rights are personal to him and derive from the United States Constitution. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Though a joint occupant should have authority to consent to a search of jointly held premises if the other party is unavailable, a present, objecting party should not have his constitutional rights ignored because of a leasehold or other property interest shared with another. This is particularly true where the police are aware that the person objecting is the one whose constitutional rights are at stake. [footnote omitted] (emphasis supplied)
Silva, 344 So.2d at 562-63. Smith's presence at the police station at the time of the search precludes a finding that he was unavailable and negates authority for obtaining his sister's consent to search Smith's property.
The search was unlawful and the evidence obtained as a result of the search must be suppressed. See People v. Mortimer, 46 A.D.2d 275, 361 N.Y.S.2d 955 (1974) (consent of defendant's parents invalid to search defendant's room in parent's house and motion to suppress should have been granted where defendant was in police custody and had previously refused permission to search). Furthermore, Smith's confession, obtained when police confronted him with the fact that they had conducted a warrantless search despite his objection and had seized incriminating evidence, must also be suppressed. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); French v. State, 198 So.2d 668 (Fla. 3d DCA 1967).
Appellant's remaining point lacks merit.
Reversed and remanded for new trial.