The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Gary Gene SANDERS, Jr., Defendant–Appellee.

No. 95SA224.

Supreme Court of Colorado, En Banc.

Nov. 6, 1995.

Edward Rodgers, District Attorney, Eleventh Judicial District, C.M. Barton, Deputy District Attorney, Cañon City, for Plaintiff–Appellant.

David F. Vela, State Public Defender, Brian N. Connors, Deputy State Public Defender, Salida, for Defendant–Appellee.

Justice ERICKSON delivered the Opinion of the Court.

This is an interlocutory appeal by the prosecution pursuant to C.A.R. 4.1. The prosecution seeks reversal of an order suppressing evidence seized from a trailer home shared by the defendant and a woman with whom he lived. The district court held that law enforcement officers must obtain either a search warrant or the consent of the person arrested at the premises they seek to search even though they have previously obtained consent to search from that person's co-occupant. We reverse the suppression order and remand for further proceedings consistent with this opinion.

## I

On December 24, 1994, the Fremont County Sheriff's Office responded to a complaint relating to an incident between Gary Sanders, the defendant, and a woman with whom he lived. The woman told Deputy Sheriff Houska that she went to a bar with the defendant, got into an argument with him, and then attempted to drive away in his pickup truck.[1] The defendant jumped into the back of the truck and worked his way into the passenger compartment. He pulled the woman's hair, punched her in the face, and threatened to kill her. The defendant stepped out of the truck and removed a .22 caliber rifle from the truck. As the woman accelerated away, she heard a "pop," and the back window of the truck shattered.

The deputies examined the truck and observed a gunshot hole in the rear window. At that time, the deputies did not know the whereabouts of the defendant, or the location of the rifle. The woman told the deputies that the defendant could be at the trailer home she shared with him. She stated that she and the defendant had been living together for over a year in a trailer at 2160 Washington, Number 6, in Cañon City.

The woman signed a form consenting to a search of the trailer at 2160 Washington, Number 6, and gave Deputy Houska a key to the trailer. The consent form authorized the Fremont County Sheriff's Office and the Cañon City Police Department to conduct a "complete search" of the trailer.[2] Law enforcement officers arrived at the trailer, announced their presence and, after the defen-

---

1. Deputy Houska testified that the woman had a separate set of keys to the truck and, therefore, had authority to drive the truck. The defendant did not contest this issue.

2. The district court determined that the woman possessed the requisite "common authority" over the entire premises and could validly consent to a search of the trailer.

dant opened the door, entered the trailer. After a scuffle, the defendant was arrested and placed in a patrol car. Based on the consent form signed by the woman who was a co-occupant of the trailer, the sheriff's deputies conducted a warrantless search of the trailer and seized a rifle, ammunition, and a sweater that defendant allegedly wore that night. The defendant did not consent to the search, nor did the deputies seek his consent.

The defendant was charged by information with assault in the second degree, menacing with a deadly weapon, prohibited use of weapons, third degree assault, misdemeanor menacing, resisting arrest, and domestic violence. Defense counsel filed a motion to suppress the evidence seized from the trailer. The district court declared the search invalid because the deputies did not obtain consent from the defendant who was present and able to object at the time of the search. The district court suppressed the evidence seized from the trailer as the fruits of an illegal search.

## II

██ A search conducted without a warrant supported by probable cause is unconstitutional, subject to a few specifically established and well-delineated exceptions.[3] A search conducted pursuant to consent freely and voluntarily given is one of the exceptions which eliminates the need for a warrant. *Schneckloth v. Bustamonte,* 412 U.S. 218, 248, 93 S.Ct. 2041, 2058–59, 36 L.Ed.2d 854 (1973); *People v. Savage,* 630 P.2d 1070, 1073 (Colo.1981). In *United States v. Matlock,* 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), the United States Supreme Court established that valid consent may be given by a defendant or by a third party with "common authority" over the premises to be

searched. *Id.* at 169–72, 94 S.Ct. at 992–94; *see Savage,* 630 P.2d at 1073 (adopting the *Matlock* standard for determining issues of consent under the Colorado Constitution); *People v. McKinstrey,* 852 P.2d 467, 470–71 (Colo.1993) (same). The Supreme Court stated:

> Common authority is, of course, not to be implied from the mere property interest a third party has in the property. The authority which justifies the third party consent does not rest upon the law of property, with its attendant historical and legal refinements, but rests rather on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched.

*Matlock,* 415 U.S. at 171 n. 7, 94 S.Ct. at 993 n. 7 (citations omitted).

██ Here, the district court determined that *Matlock* did not apply where the consenting co-occupant is absent and law enforcement officers conduct a warrantless search without obtaining the consent of the physically present co-occupant, who was the defendant in this case. The fact that the defendant was present at the time the law enforcement officers searched the trailer does not vitiate the co-occupant's consent. The valid consent of a person with "common authority" will justify a warrantless search of a residence despite the physical presence of a nonconsenting co-occupant. *United States v. Donlin,* 982 F.2d 31, 33 (1st Cir.1992) (stating that valid consent given by a third party with "common authority" remains valid even

---

**3.** The Fourth Amendment to the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Article II, section 7 of the Colorado Constitution provides:

> The people shall be secure in their persons, papers, homes and effects, from unreasonable searches and seizures; and no warrant to search any place or seize any person or things shall issue without describing the place to be searched, or the person or thing to be seized, as near as may be, nor without probable cause, supported by oath or affirmation reduced to writing.

when the defendant specifically objects to it); *United States v. Childs*, 944 F.2d 491, 494 (9th Cir.1991) (holding that the consent of a co-occupant with "common authority" justifies a warrantless search even if the defendant is present and with or without the defendant's consent); *United States v. Hendrix*, 595 F.2d 883, 885 (D.C.Cir.1979) (rejecting defendant's argument that *Matlock* could be distinguished because the defendant was present and objected to the search); *United States v. Sumlin*, 567 F.2d 684, 687–88 (6th Cir.1977) (finding *Matlock* controlling and stating that the defendant's initial refusal to consent did not in any way lessen the assumed risk that a co-occupant would consent nor increase his reasonable expectation of privacy) *cert. denied*, 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 529 (1978); *People v. Cosme*, 48 N.Y.2d 286, 422 N.Y.S.2d 652, 654–56, 397 N.E.2d 1319, 1322–23 (1979) (holding that the presence of an objecting co-occupant at the scene of the search does not invalidate the consent of another co-occupant with "common authority"); *State v. Frame*, 45 Or.App. 723, 609 P.2d 830, 832–34 (1980) (holding that the consent of a co-occupant with "common authority" will justify a warrantless search despite the fact that the defendant did not object or consent to the search), *review denied*, 289 Or. 587, *cert.*

*denied*, 450 U.S. 968, 101 S.Ct. 1486, 67 L.Ed.2d 617 (1981).

The Supreme Court's holding in *Matlock* did not depend on the defendant's absence at the time of the search, but focused on whether or not the permission to search was obtained from a third party who possessed "common authority" over the premises.[4] *Childs*, 944 F.2d at 494; *Sumlin*, 567 F.2d at 687–88. In *Matlock*, the defendant was arrested in his front yard and the law enforcement officers did not ask him for consent. 415 U.S. at 166, 94 S.Ct. at 990. Instead, the officers obtained consent to search from a woman who shared the house with Matlock. *Id.* The Supreme Court concluded that the co-occupant's consent, standing alone, justified the warrantless search notwithstanding Matlock's physical presence on the premises.[5] *Matlock*, 415 U.S. at 171, 94 S.Ct. at 993; *see Childs*, 944 F.2d at 494.

In the present case, the district court reasoned that the defendant who was physically present at the time of the search cannot be said to have assumed the risk that the woman who was his co-occupant would vicariously waive his Fourth Amendment rights and his rights under Article II, section 7 of the Colorado Constitution. We disagree. The rationale behind third party consent is that a co-occupant assumes the risk that his co-occu-

4. The defendant contends that *Matlock* is distinguishable because in *Matlock* the consenting co-occupant was present at the time and place of the search, whereas in the defendant's case, the woman gave consent prior to the search and was not physically present when the search was conducted.

   Contrary to the defendant's contention, the cases which follow *Matlock* and hold that a co-occupant's consent is sufficient to justify a search despite the objections of a physically present co-occupant do not afford significant weight to the location of the consenting co-occupant at the time of the search. *See Hendrix*, 595 F.2d at 884–85 (wife gave police consent to search apartment shared with husband and remained at sister's apartment away from her residence when the search occurred); *Frame*, 609 P.2d at 831 (wife met with police away from residence shared with husband, gave police consent to search residence, but remained away from residence when the search occurred).

5. Courts in other jurisdictions have concluded that *Matlock* does not apply when the co-occu-

pant who challenges the search was physically present and able to object at the time of the search. *See Silva v. State*, 344 So.2d 559 (Fla. 1977); *In re D.A.G.*, 484 N.W.2d 787 (Minn. 1992); *State v. Leach*, 113 Wash.2d 735, 782 P.2d 1035 (1989). These cases rely on the following language in *Matlock*: "[M]ore recent authority here clearly indicates that the consent of one who possesses common authority over premises or effects is valid against the absent, nonconsenting person with whom that authority is shared." 415 U.S. at 170, 94 S.Ct. at 993. Because *Matlock* referred to "absent, nonconsenting persons," these cases reason that a present objecting occupant cannot have assumed the risk that an absent third party will vicariously waive his Fourth Amendment rights. *See In re D.A.G.*, 484 N.W.2d at 790. These cases fail to recognize that *Matlock* did not depend on the defendant's absence because the defendant there had just been arrested in the front yard of the residence when the officers procured the third person's consent to search. *See Matlock*, 415 U.S. at 171, 94 S.Ct. at 993; *Childs*, 944 F.2d at 494; *Sumlin*, 567 F.2d at 687. Accordingly, we reject the alternative rationale of these cases.

pant may expose the common areas of their residence to a search:

> [A]n individual who possesses the requisite degree of control over specific premises is vested in his own right with the authority to permit an official inspection of such premises and ... this authority is not circumscribed by any "reasonable expectation of privacy" belonging to co-occupants. Whether the principle is characterized as an "assumption of risk" or a relinquishment of the "expectation of privacy" guaranteed by the Fourth Amendment, the fact remains that where an individual shares with others common authority over premises or property, he has no right to prevent a search in the face of the knowing and voluntary consent of a co-occupant with equal authority.

*Cosme,* 422 N.Y.S.2d at 654, 397 N.E.2d at 1321 (analyzing *Matlock,* 415 U.S. 164, 94 S.Ct. 988).

The rationale is not dependent upon the defendant's consent or non-consent to the search. Here, the facts are undisputed. The sheriff deputies did not ask the defendant for his consent and the defendant did not consent or object to the search.

Even though the district court determined that the woman with whom the defendant lived possessed the requisite "common authority" to consent to a search of the entire trailer, the court suppressed the evidence seized in the search of the trailer. We find *Matlock* controlling and hold that the law enforcement officers did not violate the defendant's constitutional rights when they searched the trailer pursuant to the woman's consent. In our view, where one co-occupant has victimized the other, the emergency nature and exigent circumstances provide an additional reason for validating a co-occupant's consent to a warrantless search when the nonconsenting co-occupant is present. *See Donlin,* 982 F.2d 31; *Hendrix,* 595 F.2d

883; *United States v. Lawless,* 465 F.2d 422 (4th Cir.1972); *State v. Middaugh,* 12 Or. App. 589, 507 P.2d 42 (1973); Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 8.3(e) at 253 (2d ed. 1987).

## III

Accordingly, we reverse the suppression order and remand to the district court for further proceedings consistent with this opinion.

SCOTT, J., specially concurs, and LOHR, J., joins in the special concurrence.

Justice SCOTT specially concurring:

I concur in the result reached by the majority; however, I write separately to emphasize the narrow factual circumstances that control the present case. I agree with the majority that "[t]he fact that the defendant was present at the time the law enforcement officers searched the trailer [home] does not vitiate the co-occupant's consent." Maj. op. at 1313. Therefore, I join the judgment of the majority, which reversed the order suppressing evidence obtained as a result of the search.

However, as correctly noted by the majority, under the facts of this interlocutory appeal, "the defendant did not consent or object to the search." Maj. op. at 1315. Thus, we are not confronted with a case in which the defendant objected to the search. Nonetheless, the majority rejects the rationale of several state supreme court cases which have held "that a present objecting occupant cannot have assumed the risk that an absent third party will vicariously waive his Fourth Amendment rights." Maj. op. at 1314–1315, n. 5. The majority unnecessarily reaches an apparent conflict between two lines of decisional law.[1] In the present case, we are not

---

**1.** Under the limited record and sparse briefs of this interlocutory appeal, I believe it imprudent to *sua sponte* reject the logic applied by several state supreme courts that have addressed this issue. *See, e.g., Tompkins v. Superior Court,* 59 Cal.2d 65, 27 Cal.Rptr. 889, 892, 378 P.2d 113, 116 (1963) (holding "that one joint occupant who is away from the premises may not autho-

rize police officers to enter and search the premises over the objection of another joint occupant who is present at the time...."); *Silva v. State,* 344 So.2d 559, 563 (Fla.1977) (stating though a joint occupant should have authority to consent to a search of jointly held premises if the other party is unavailable, a present, objecting party should not have his constitutional rights ignored

called upon to determine which line of case law should be applied in Colorado.

Although the defendant did not consent to the search, the record confirms that he failed to object. Thus, we are only presented with a case in which one co-occupant with common authority consents to a search and the other does not object. If the defendant affirmatively objected to the search of the premises, the sheriff's deputies would have been confronted with conflicting and presumably equal statements regarding consent. A defendant's affirmative objection, in person, to a search would constitute a different factual context than raised in the instant case. Such an objection might negate the assumption of risk implicit in the majority's rationale; however, it was not argued by either party. It is not a question presented for resolution by these facts.

While I too would reverse, the facts of the present case do not warrant the broad legal proposition advanced by the majority. I therefore join its judgment but by force of a more limited analysis.

I am authorized to say that Justice LOHR joins in this special concurrence.

because of a leasehold or other property interest shared with another); *Dorsey v. State,* 2 Md.App. 40, 232 A.2d 900, 901 (1967) (holding joint occupant who was present and expressly objected to the search without a warrant, had clear standing to object to a search without a warrant); *In re D.A.G.,* 484 N.W.2d 787, 790 (Minn.1992) (concluding "that, in a competition between an absent cotenant's right to consent to a search and another cotenant's constitutional right to be free from that warrantless search, the constitutional right must prevail"); *State v. Leach,* 113 Wash.2d 735, 782 P.2d 1035, 1040 (1989) ("Where the police have obtained consent to search from an individual possessing ... equal control over the premises, that consent remains valid against a cohabitant ... only while the cohabitant is absent. However, should the cohabitant be present and able to object, the police must also obtain the cohabitant's consent."). Moreover, the majority's resolution of the question, although consistent with most opinions of the federal court of appeals, is not germane to our deliberations.