**William Bobby SMITH, Petitioner,**

v.

**James H. ROSE, etc., Respondent.**

**No. CIV-2-74-50.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

April 23, 1974.

William Bobby Smith, pro se.

David M. Pack, Atty. Gen., Nashville, Tenn., for respondent.

## MEMORANDUM OPINION

NEESE, District Judge.

This is a *pro se* application by the petitioner Mr. William Bobby Smith for the federal writ of habeas corpus. He claims that he is in the custody of the respondent pursuant to the judgment of the Criminal Court of Greene County, Tennessee in violation of his rights to the equal protection and due process of the law, Constitution, Fifth and Fourteenth Amendment, and his right to trial by an impartial jury of his peers, Constitution, Sixth Amendment. 28 U.S.C. § 2254(a). He claims further that he has exhausted his state remedies.[1] 28 U.S.C. §§ 2254(b), (c).

The thrust of Mr. Smith's contentions is that, while the jury was deliberating in the criminal trial in the Criminal Court of Greene County, Tennessee in 1967 as the result of the action of which he is now in such custody, some of the jurors communicated with female prisoners who were being detained in the Greene County, Tennessee jail across an alley which separates such institution from the room in which the jury was deliberating; that these females treated the jurors to a "strip-tease-type" performance; and, that jurors reciprocated by holding up papers, indicating the numerical standing of the jury at various times and by sending them cigarettes, chewing gum and candy.

The Criminal Court of Greene County, Tennessee, made a determination of the merits of such factual issues after a hearing on December 19, 1972 in a proceeding to which the applicant, the state of Tennessee and the respondent herein were parties. At the conclusion thereof, the hearing judge determined that, while such conduct of the jurors was inappropriate, it did not in anywise affect the fair and deliberate deliberations of the jury in arriving at its verdict, and that there was no "scorecard" exhibited as claimed by the applicant. On a consideration of the sufficiency of the evidence to support such factual determination, the record of the proceedings before the state hearing judge as a whole supports such factual determinations, 28 U.S.C. § 2254(d)(8), and such determinations are presumed to be correct. 28 U.S.C. § 2254(d).

It appearing from the application and the foregoing records[2] that Mr. Smith is not entitled to the federal writ of habeas corpus, 28 U.S.C. § 2243, the petitioner Mr. William Bobby Smith hereby is DENIED all relief. Rule 58(1), Federal Rules of Civil Procedure. Should the applicant give timely notice of an appeal herefrom, he is authorized to proceed on appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure. Any such notice will be treated also as an application for a certificate of probable cause, which will ISSUE. Rule 22(b), Federal Rules of Appellate Procedure.

1. The questions Mr. Smith presents here have been presented heretofore to the hearing and appellate courts of Tennessee and decided adversely to his contentions. William Bobby Smith v. State of Tennessee, et al., case no. 2785 in the Criminal Court of Greene County, Tennessee, affirmed, C.Cr. App.Tenn. (1973), no. 72 in the Court of Criminal Appeals of Tennessee, certiorari denied (1974), Tennessee Supreme Court.

2. The applicant exhibited with his petition a transcript of the proceedings before the state hearing judge, the judgment of the Court of Criminal Appeals of Tennessee, and the decree of the Tennessee Supreme Court.