**Woodrow Wilson McCRAVY, Petitioner,**

v.

**Stoney LANE, etc., Respondent.**

**No. CIV-2-77-4.**

United States District Court,
E. D. Tennessee,
Northeastern Div.

Feb. 3, 1977.

---

Woodrow Wilson McCravy, pro se.

Brooks McLemore, Jr., Atty. Gen. of Tenn., Nashville, Tenn., for respondent.

## MEMORANDUM OPINION AND CERTIFICATE

NEESE, District Judge.

This is a *pro se* application by a state prisoner for the federal writ of habeas cor-pus. 28 U.S.C. § 2254(a). Pursuant to rules of this Court, such petition was initially referred to the full-time magistrate for this district for his report and recommendations as to its disposition. 28 U.S.C. § 636(b)(1)(B). The recommendation of such magistrate filed was that the petition-er Mr. McCravy be denied all relief sought herein. Mr. McCravy made a timely objec-tion thereto. 28 U.S.C. § 636(b)(1), (b)(1)(C).

The Court has considered *de novo*, 28 U.S.C. § 636(b)(1), all grounds advanced by the petitioner herein and all objections made to the aforecited recommendation of the magistrate. For the reasons stated by said magistrate in his memorandum opinion herein of January 14, 1977,* and for the reasons previously stated by this Court in *Woodrow Wilson McCravy, petitioner, v. J. H. Rose, Etc., respondent*, civil action no. 3153, this district and division, memoran-dum opinion of January 23, 1974, affirmed C.A. 6th, order of June 14, 1974 in no. 74–1288, and in *Woodrow Wilson McCravy, petitioner, v. James H. Rose, Etc., respon-dent*, no. CIV–2–75–27, this district and di-vision, memorandum, order and certificate of April 10, 1975, the petitioner is not enti-tled to the relief sought in his petition herein of January 6, 1977.

Subsequent to the filing of the magis-trate's recommendation, Mr. McCravy filed a document purporting to be an amendment to his original petition herein. Therein, he avers that, in addition to the grounds urged in support of his application, that the war-rant for his arrest was unlawful; that there was an unnecessary delay in taking him before a magistrate or other judicial offi-cer; and that he was denied the effective assistance of his retained counsel. Each such ground has previously been considered by this Court on one or more occasions and each was found to lack merit. *Idem.* For the reasons stated in the aforecited opinions of this Court, the Court once again deter-mines that Mr. McCravy is not entitled to the relief sought herein.

* See Appendix.

■ The petitioner further prayed for " * * * such other relief and redress as he would be entitled under [t]itle 42 U.S.C. [§§] 1981, 1983, 1985, et seq. * * * " Since the nature of his complaints herein is to challenge the legality of his confinement by state authorities, he is not entitled to any such relief. *Preiser v. Rodriguez* (1973), 411 U.S. 475, 499, 93 S.Ct. 1827, 36 L.Ed.2d 439, 455[14].

The petitioner Mr. Woodrow Wilson McCravy hereby is DENIED all relief, Rule 58(1), Federal Rules of Civil Procedure, on his instant application. Should the applicant give timely notice of an appeal from such judgment to be entered herein, this Court hereby CERTIFIES that any such appeal would not be taken in good faith, and that he is not entitled to proceed on appeal in forma pauperis, for the reasons hereinabove stated, Rule 24(a), Federal Rules of Appellate Procedure; 28 U.S.C. § 1915(a). For such reasons, a certificate of probable cause will NOT ISSUE herein. Rule 22(b), Federal Rules of Appellate Procedure.

## APPENDIX

### MEMORANDUM OPINION

This matter was referred to the undersigned for findings and recommendations for disposition by the Judge of this court on Mr. McCravy's Petition for Writ of Habeas Corpus. 28 U.S.C. § 636(b).

Petitioner pleaded guilty on November 13, 1972 in Hamblen County Criminal Court to murder in the first degree and felonious assault. He received sentences of life imprisonment and three years, respectively, with the sentences to run concurrently.

Mr. McCravy raises four grounds in his present petition for habeas corpus relief:

"(1) [t]hat the Court erred in failing to hold a competency hearing after petitioner's competency to stand trial was placed in issue.

(2) [t]hat the Court erred in accepting the petitioner's plea of guilty as being voluntary.

(3) [t]hat the Court erred in not dismissing the petitioner's attorney as the attorney of record, there being a conflict of interest in his representation of petitioner.

(4) [t]hat the petitioner's attorney was ineffective legal counsel."

## FAILURE TO HOLD COMPETENCY HEARING

■ Petitioner alleged that after he underwent psychiatric tests, Dr. John H. Wolaver reported in a letter dated November 13, 1972, that the petitioner ". . . seems to have a good deal of psychopathy which in my opinion make it advisable for him to be observed for a period of time." Petitioner alleges that the failure of the Court to conduct a hearing and the refusal to grant a continuance was error.

Appended to Mr. McCravy's petition as Exhibit "D" is an opinion of the Court of Criminal Appeals of Tennessee on a post conviction petition filed by Mr. McCravy. In this petition Mr. McCravy alleged, regarding the same trial, that the trial court erred in failing to hold a competency hearing. The appellate court overruled this contention.

"We hold that the first assignment of error [failure to hold a competency hearing] is without merit. There is absolutely no evidence in this record that defendant was incompetent to stand trial on his trial date when the guilty plea was submitted. Moreover, in his first petition for post-conviction relief petitioner alleged his guilty plea was involuntary because he was drunk at the time it was submitted, and he was scared into submitting a guilty plea. Based on the evidence in this case it is plain that this petition is merely a second attempt to set aside a valid conviction. We consider it only because defendant testified that he did not receive a copy of a report from a psychiatrist until two years after he was incarcerated in the penitentiary. (Exhibit # 2 to petitioner's testimony). This report, standing alone, did not warrant petitioner's hospitalization for psychiatric

evaluation. It is defendant's position, concurred in by State's counsel, that he was entitled to a jury trial on the issue of his competency. This is not the law. See T.C.A. Sec. 33–708."

(Opinion of Court of Criminal Appeals, June 9, 1975, Exhibit "D", page 3)

Prior to the aforementioned petition, Mr. McCravy filed another petition in the Criminal Court for Hamblen County, Tennessee, on February 27, 1973. (No. 4958) A hearing was held on this petition August 24, 1973. A transcript of this hearing was made and filed in Civil No. 3153 of this district and division. Taking judicial notice of the Court's records in this matter, reference is made to page 28 of said proceedings wherein Mr. McCravy's attorney questioned Mr. Bacon concerning McCravy's state of mind at the time of the trial.

"Q Can you state with any certainty of opinion whether or not Mr. McCravy was in such a state of mind and condition at that time that he thoroughly understood what this plea of guilty to life imprisonment encompassed and meant to him? A I thought he understood, Mr. Anderson, and Mr. McCravy was not totally unaware of how things like this operate. I believe he told me had been in the penitentiary before and that he understood to some extent who the—a life sentence would work and about how many years he could expect to build under a life sentence and perhaps make parole with good behavior and so forth. He was certainly not ignorant of these facts, and we discussed it on this particular morning at length.

\* \* \* \* \* \*

Q Could you tell whether or not there was anything else wrong with him from what you observed? A No sir. Q Just the extreme nervousness? A And I attributed that to the fact that he was going to the penitentiary, and that he felt he was, and that was enough to cause anybody to be extremely nervous . . . (Tr. pp. 28–29)"

The basis of Mr. McCravy's allegation is the letter dated November 13, 1972, from Dr. John Wolaver, Cherokee Guidance Center, to Attorney Herbert Bacon (Petition, Exhibit # 2). The letter itself sets forth no opinion regarding Mr. McCravy's competency to stand trial but that ". . . he seems to have a good deal of psychopathy . . . "

A transcript of trial proceedings is also a part of the record in Civil 3153, and this transcript reflects that the letter of Dr. Wolaver was made available to the Court. "The Court is of the opinion that the only purpose that this certificate might serve would be if the defendant were going to enter a plea of insanity at the time of the alleged offense or present insanity. The examining doctor did not state whether he was drinking at the time or anything about it. I suppose it's advisable to everybody to see a psychiatrist having frequent or every now and then mental disorders. It seems to be very prevalent over the country, and motion for continuance is denied . . . " (Tr. p. 6)

It therefore appears that this contention was brought to the attention of the judge at the original trial, the judge at the post-conviction hearing, and the Court of Criminal Appeals. The factual determinations made by the state courts based on the record of proceedings before them supports the conclusion that Mr. McCravy was not entitled to a competency hearing. These determinations by the state court are presumed to be correct. 28 U.S.C. § 2254(d). *Smith v. Rose*, D.C.Tenn. (1974), 382 F.Supp. 519, 520; judgment affirmed C.A. 6th (1974), 503 F.2d 1404. It therefore appears that, judged by federal standards, the petitioner was accorded the minimum guarantees afforded by the constitution with regard to this claim. See *McCravy v. Moore*, C.A. 6th (1973), 476 F.2d 281, 282–283.

### VOLUNTARINESS OF PLEA

Petitioner next contends that he was not competent to know the consequences of his act, and does not remember signing a waiver of his constitutional rights or other

documents regarding his plea of guilty. He contends that since he can read and write, his signature is not on the waiver form since the signature on the waiver form is an "X". In *McCravy v. Rose*, Civil Action 3153, this district and division, this Court in an opinion dated January 23, 1974, stated, *inter alia*: ". . . [i]t was determined in *Woodrow Wilson McCravey [sic: McCravy] v. State of Tennessee*, no. 4598 in the Criminal Court of Hamblen County, Tennessee, that the applicant fully understood his pleas and ' * * * knew what * * ' he ' * * * was doing * * * ' when he pleaded guilty to the indictments against him. This finding is presumed correct." 28 U.S.C. § 2254(d). (Opinion, pps. 4, 5) See also footnote to page 4. In *Woodrow Wilson McCravy v. Rose*, Civil 2–75–27, this Court by memorandum opinion dated April 10, 1975 made the same finding regarding the voluntariness of petitioner's plea. (p. 2) Therefore, Mr. McCravy is not entitled to further consideration on this ground.

### CONFLICT OF INTEREST OF DEFENSE ATTORNEY

█ Petitioner claims that his attorney, Herbert M. Bacon, was the Magistrate who executed the state warrant for the petitioner for the murder charge involved. (Petition, Exhibit 3). He alleges that this was done without his knowledge and that it was approximately two years after his incarceration before he became aware of this conflict.

Petitioner does not allege in what way he was prejudiced by the fact that his attorney was the Justice of the Peace who issued the warrant of arrest. Mr. Bacon was not appointed by the state to represent Mr. McCravy but rather was retained by him.

Exhibit "D" to Mr. McCravy's petition reflects that Mr. McCravy raised this same allegation in a post-conviction proceeding. The Court of Criminal Appeals of Tennessee considered this Assignment of Error. "The trial judge filed a memorandum stating his findings of fact and conclusions of law in compliance with TCA Sec. 40–3818 in which he found that petition-

er's trial counsel was one of the most capable attorneys in that county. The fact that petitioner's retained counsel was a justice of the peace in the county was of no consequence. The signing of the warrant was a ministerial function which would have nothing to do with his competency in representing the petitioner at trial. . . ." (Petition, Exhibit "D", p. 2)

This determination is presumed correct. 28 U.S.C. § 2254(d), and is supported by the record. 28 U.S.C. § 2254(d)(8). Since there is no evidence by the petitioner that he was prejudiced in any way or any manner by Mr. Bacon's position as justice of the peace, this claim of error should be denied.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Mr. McCravy's claim regarding the ineffectiveness of his counsel was previously presented to and disposed by this Court in *McCravy v. Rose*, Civil 2–75–27.

"This court determined earlier that Mr. McCravy had shown no serious derelictions on the part of his retained counsel when he entered his aforesaid guilty pleas, and that he fully understood his pleas and * * * knew what * * * 'he' * * * was doing * * * when he pleaded guilty to the indictments against him. *Woodrow Wilson McCravy, Petitioner, v. J. H. Rose, Etc., Respondent*, Civil Action No. 3153, this district and division, Memorandum Opinion of January 23, 1974, Affirmed C. A. 6th on Motion to Affirm, Order of Dec. 6, 1974 in No. 74–1288." (Memorandum opinion, April 10, 1975, p. 2)

Wherefore, it is the recommendation of the undersigned that the petition of habeas corpus filed by Woodrow Wilson McCravy be denied in all respects. Should the applicant give timely notice of an appeal from such a judgment to be entered, it is the further recommendation of the undersigned that this Court certify that any such appeal would not be taken in good faith and, therefore, that he would not be entitled to proceed on appeal *in forma pauperis*. Rule

24(a), Federal Rules of appellate Procedure; 28 U.S.C. § 1915(a). For these reasons, it is further recommended that a certificate of probable cause not issue. Rule 22(b), Federal Rules of Appellate Procedure.

(s)  W. Thomas Dillard

W. Thomas Dillard
UNITED STATES MAGISTRATE