BOOTH, Judge.
Appellant pleaded nolo contendere to two counts of attempted burglary of a dwelling, five counts of burglary, seven counts of grand theft, and possession of a firearm, reserving the right to appeal the trial court’s denial of his motion to suppress evidence seized in his bedroom. We affirm.
The only witness testifying for appellant at the suppression hearing was his brother, Larry Pugh. Appellant’s brother admitted he signed a consent to search form in the *1053 presence of appellant,[1] but testified that he limited the search of the residence to his own room by virtue of a verbal statement that “it was all right to search [his] part of the house and what was in [his] brother’s room was his private stuff,” and that appellant objected to the officers’ entry into his room by stating, “Hey, man, don’t go in there. That’s mine.”
In contradiction to the testimony of appellant’s brother, Officer Mayton testified that he was present when Corporal Nix explained the consent form to appellant and his brother, and that neither of them voiced any objection. Furthermore, Officer Mayton, who initially participated in the search of appellant’s room, did not hear any objection made by appellant to any of the seven officers present, nor was one made directly to him. During the course of the search of appellant’s room, Officer Mayton obtained appellant’s written consent to search his vehicle, in which were found a pair of gloves believed to have been used in the burglaries.
Appellant contends that the trial judge should have granted the motion to suppress because a third party may not validly consent to a search where the person against whom the search is directed is present and objects thereto. Silva v. State, 344 So.2d 559 (Fla.1977); Lawton v. State, 320 So.2d 463 (Fla. 2d DCA 1975). Appellant’s statement of the law is correct but inapplicable to the case under consideration. In denying appellant’s motion to suppress, it is apparent that the trial judge weighed the credibility of Larry Pugh and Officer Mayton, and found in favor of the latter.
Appellant contends, however, that the State failed to prove Larry Pugh possessed common authority over, or other sufficient relationship to, the area searched, namely, appellant's bedroom, an element upon which the validity of third-party consent is dependent.[2] We find this contention to be without merit. As pointed out by the Florida Supreme Court in Silva, supra at 563, cases concerning the question of joint dominion and control of the third party consenting “have generally been decided on the basis of the individual’s reasonable expectation of privacy in the area, whether others generally had access to the area, and/or whether the objects searched were the personal effects of the individual unavailable to consent.”
We conclude that the circumstances of this case support the trial court’s determination that the officers acted reasonably in relying on the consent, actual and apparent, for the search. Accordingly, the order of the trial judge denying appellant’s motion to suppress and the judgment of conviction are affirmed.
LARRY G. SMITH, and ZEHMER, JJ., concur.

. The consent to search form read, in pertinent part, as follows:
I, Larry Pugh, Freely and Voluntarily give permission to the Escambia County Sheriffs Department to search residence Apt. U-183 Moorings Apartments, property to be seized clothing and stolen property involved in burglaries which occurred 11-24-81.

. United States v. Matlock, 415 U.S. 164, 171 at n. 7, 94 S.Ct. 988, 993 at n. 7, 39 L.Ed.2d 242 (1974):
Common authority, of course, is not to be implied from the mere property interest a third party has in the property. The authority which justifies the third-party consent does not rest upon the law of property, with its attendant historical and legal refinements, see Chapman v. U.S., 365 U.S. 610, 5 L.Ed.2d 828, 81 S.Ct. 776 (1961) (landlord could not validly consent to the search of a house he had rented to another), Stoner v. California, 376 U.S. 483, 11 L.Ed.2d 856, 84 S.Ct. 889 (1964) (night hotel clerk could not validly consent to search of customer’s room), but rests rather on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched.